DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court summary judgment entered in favor of Sound Health Alternatives International, Inc., defendant below and appellee herein.
Judaline Nelson, plaintiff below and appellant herein, raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT OVERSTEPPED ITS ROLE BY MAKING FACTUAL DETERMINATIONS OF THE CONDITIONS PRESENTED AND THE COMPARATIVE NEGLIGENCE INVOLVED WHEN IT GRANTED SUMMARY JUDGMENT BASED UPON ITS OWN FACTUAL CONCLUSION THAT THE CONDITION WAS OPEN AND OBVIOUS."
SECOND ASSIGNMENT OF ERROR:
 "IN SUCH A FACT INTENSIVE AREA OF LAW, AS THE OPEN AND OBVIOUS DOCTRINE PRESENTS, THE TRIAL COURT ERRED BY APPLYING STATE LAW THAT WAS FACTUALLY DISSIMILAR TO THE FACTS IN THE CASE SUB JUDICE."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT BASED ITS GRANT OF SUMMARY JUDGMENT UPON THE FINDING THAT NO JURY COULD CONCLUDE THAT THE DEFENDANT HAD SUPERIOR KNOWLEDGE OF THE DANGEROUS CONDITION OF THE STAIRS ON ITS OWN PREMISES."
Our review of the record reveals the following facts pertinent to the instant appeal. On the morning of May 20, 1997, appellant arrived at appellee's place of business. Appellant walked down a flight of stairs. At the bottom of the stairs, appellant traversed a landing and then crossed five additional steps. Appellant entered a large room encased by floor-to-ceiling windows.
Appellant stayed in the room for a short period of time, then ascended the stairs to meet with the proprietor of the business. After her meeting, appellant left the premises.
Around 7:00 p.m. on the same day, appellant returned to the premises. As appellant descended the five steps leading from the landing, she fell and injured her ankle. Appellant stated that she missed the bottom step "because all [she] saw was dark and [she] thought [she] was at the end." Appellant explained that the room into which the steps led was dimly lit.
On May 19, 1999, appellant filed a complaint against, inter alia, appellee. Appellee denied liability.
On November 12, 2000, appellee filed a motion for summary judgment. Appellee asserted that the steps presented an open and obvious condition of which appellant should have been aware. Appellee further asserted that the steps are not unreasonably dangerous.
Appellant countered that the steps are unreasonably dangerous because of inadequate lights and the lack of a hand rail. Appellant further contended that the steps are unreasonably dangerous because of the lack of color contrast between the steps and the floor. Appellant argued that appellee possessed superior knowledge of the dangerous condition of the steps and that appellee failed to take appropriate precautions to protect appellant from the dangerous condition. Appellant asserted that appellee's duty of care required appellee to place a brightly colored carpet at the bottom of the steps and to install hand rails.
On March 6, 2001, the trial court granted appellee summary judgment. Appellant filed a timely notice of appeal.
Because appellant's three assignments of error raise the related issue of whether the trial court properly granted appellee summary judgment, we will discuss the assignments of error together.
In her three assignments of error, appellant asserts that the trial court erred by granting appellee summary judgment for three reasons: (1) the trial court improperly weighed the facts relating to the open and obvious doctrine; (2) the trial court failed to follow a factually similar case from the Tenth District Court of Appeals; and (3) the trial court failed to view the evidence in the light most favorable to appellant and find that appellee possessed superior knowledge of the dangerous condition of the steps.
When reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts a de novo review. See, e.g., Doev. Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243, 1245; Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157; Morehead v. Conley
(1991), 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786, 788. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed her a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v. D.O. Summers Cleaners (1998), 81 Ohio St.3d 677,680, 693 N.E.2d 217, 274; Jeffers v. Olexo (1989), 43 Ohio St.3d 140,142, 539 N.E.2d 614, 616; Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. SeeFeichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394, 642 N.E.2d 657,661; Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19, 443 N.E.2d 532;Lindquist v. Dairy Mart Convenience Stores of Ohio, Inc. (Nov. 14, 1997), Ashtabula App. No. 97-A-0015, unreported.
Whether a defendant owed a plaintiff a duty is a fundamental aspect of establishing actionable negligence. Jeffers, supra. As the Jeffers court stated:
 "`* * * If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.' (Footnotes omitted.) 70 Ohio Jurisprudence 3d (1986) 53-54, Negligence, Section 13. Only when one fails to discharge an existing duty can there be liability for negligence."
Id., 43 Ohio St.3d at 142, 539 N.E.2d at 616; see, also, Strother,supra. Whether a duty exists on the part of a particular defendant is a question of law for the court to decide. See Mussivand v. David (1989),45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270; Wheeling Lake Erie RR.Co. v. Harvey (1907), 77 Ohio St. 235, 240, 83 N.E. 66, 68; see, alsoMidwestern Indem. Co. v. Wiser (June 22, 2001), Ashtabula App. No. 2000-A-0055, unreported; Arsham v. Cheung-Thi Corp. (May 31, 2001), Cuyahoga App. No. 78280, unreported.
We further note that "simply because resolution of a question of law involves a consideration of the evidence does not mean that the question of law is converted into a question of fact or that a factual issue is raised." Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68,430 N.E.2d 935, 937. As stated in O'Day v. Webb (1972), 29 Ohio St.2d 215,219, 280 N.E.2d 896, 899: "[A] review of the evidence is more often than not vital to the resolution of a question of law. But the fact that a question of law involves a consideration of the facts or the evidence does not turn it into a question of fact." See, also, Henley v. YounstownBd. Zoning Appeals (2000), 90 Ohio St.3d 142, 148, 735 N.E.2d 433, 439.
In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 315, 662 N.E.2d 287, 291; Shump v. FirstContinental-Robinwood Assocs. (1994), 71 Ohio St.3d 414, 417,644 N.E.2d 291, 294. A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger.[1] Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. Kings Island (1979), 58 Ohio St.2d 357,358, 390 N.E.2d 810, 812, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See, e.g.,Brinkman v. Ross (1993), 68 Ohio St.3d 82, 84, 623 N.E.2d 1175, 1177;Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. As the court stated in Sidle:
 "An owner or occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them."
Id., paragraph one of the syllabus.
In Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644,597 N.E.2d 504, 506, the court discussed the rationale behind the open and obvious doctrine as follows:
 "The rule relieving a defendant from liability for harm resulting from `open and obvious' hazards is a legal doctrine that has developed in suits against property owners by a person injured when he comes on the property. The `open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. * * * The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."
Id. (citations omitted.)
In Simmers, the court further noted that "courts must carefully distinguish between a defendant's duty of care and a plaintiff's contributory negligence." Id., 64 Ohio St.3d at 644 n. 2,597 N.E.2d at 506.
With the foregoing principles in mind, we turn to appellant's three assignments of error. In her first assignment of error, appellant argues that the trial court erred by finding that the condition causing appellant's injury was open and obvious, thus relieving appellee of a duty and, hence, of liability for negligence. Appellant contends that the Ohio Supreme Court's decision in Texler, supra, no longer permits trial courts to grant summary judgment in a case in which the condition causing the plaintiff's injury is alleged to be an open and obvious condition. Rather, appellant asserts, trial courts must submit cases involving an alleged open and obvious condition to a jury because of the "fact intensive" nature of whether a condition is open and obvious and whether the plaintiff ignored an allegedly open and obvious condition is a question of comparative negligence that should be reserved for the jury's consideration. We disagree with appellant.
First, with respect to appellant's argument that whether a condition is open and obvious is a question for the jury, as we stated supra, duty is a question of law for the court to decide. See Mussivand. Whether a condition is open and obvious relates to whether the defendant owed the plaintiff a duty. Thus, we believe that whether a condition is open and obvious is a question of law for the court to decide. Moreover, although appellant asserts that determining whether a condition is open and obvious requires a court to consider the facts, again, as we stated supra, simply because a court considers facts in determining a question of law does not convert that question of law into a factual issue for a jury to decide. See, e.g., O'Day, supra.
Furthermore, we disagree with appellant that Texler requires trial courts to submit all cases involving open and obvious dangers to a jury for consideration of comparative negligence. Rather, we believe thatTexler most accurately is interpreted as stating that once the plaintiff establishes duty and breach of duty on the defendant's part, whether the plaintiff's contributory negligence in failing to observe and avoid an open and obvious danger proximately caused the injury or whether the defendant's breach of the duty proximately caused the injury ordinarily is a jury issue.
In Texler, the plaintiff suffered an injury after hitting her ankle on a bucket of concrete that the defendant had placed on the sidewalk. The plaintiff established that the defendant was negligent per se due to the defendant's violation of a city ordinance.[2] See Texler v. D.O.Summers Cleaners and Shirt Laundry (Nov. 27, 1996), Cuyahoga App. No. 69523, unreported. Thus, the question became one of proximate cause: whether the plaintiff's contributory negligence in failing to avoid walking into the bucket or whether the defendant's negligence in placing the bucket on the sidewalk proximately caused the accident.
The jury found that the defendant's breach of a duty proximately caused the plaintiff's injury. The jury found the defendant one hundred percent negligent and the plaintiff zero percent negligent. The defendant subsequently filed a motion for a judgment notwithstanding the verdict, or, in the alternative, a motion for a new trial. The trial court denied the motion and the defendant appealed.
The court of appeals reversed the trial court's judgment denying the defendant's motion. The court stated: "The instant appeal presents a case where the plaintiff's negligence so outweighed defendant's, that the trial court should have granted judgment to defendant." The court reasoned that the plaintiff failed to protect herself against an open and obvious danger. The court stated that the defendant "could not reasonably have foreseen that in broad daylight [the plaintiff] would trip over a five-gallon bucket which, in plain view, was propping open [a] large, blue metal side door." The plaintiff appealed to the Ohio Supreme Court.
The Ohio Supreme Court reversed the court of appeals' decision. The court held "that the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide pursuant to the modern comparative negligence provisions of R.C.2315.19(A)(1)." Id., 81 Ohio St.3d at 681, 693 N.E.2d at 274.
The Texler court explained that in determining whether a plaintiff was contributorily negligent, the jury must consider whether the plaintiff breached a duty of due care. See id., 81 Ohio St.3d at 680,693 N.E.2d at 274 (stating that to establish negligence, duty, breach of the duty, proximate cause, and injury must be demonstrated). In discussing a plaintiff's duty to exercise care in avoiding alleged open and obvious dangers, the court stated that the existence of a duty depends upon the foreseeability of the injury. Id. In determining foreseeability, the question is "`[w]hether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or non-performance of an act.'" Id. (quoting Menifee, 15 Ohio St.3d at 77,472 N.E.2d at 710).
The court elaborated upon a pedestrian's duty, stating:
 "`A pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward. * * *.' Grossnickle v. Germantown (1965), 3 Ohio St.2d 96, 209 N.E.2d 442, paragraph two of the syllabus. This care requires a pedestrian `to use his senses to avoid injury while walking on a sidewalk, but this does not mean that he is required as a matter of law to keep his eyes upon the sidewalk at all times. It may be necessary to keep a lookout for traffic and other pedestrians to avoid collision.' * * *."
Id., 81 Ohio St.3d at 680-81, 693 N.E.2d at 274 (citations omitted.)
We believe that a careful review of Texler reveals that it is a comparative negligence case, not a case involving a landowner's duty of care. As indicated in the court of appeals decision, the defendant-landowner was found to be negligent per se and, thus, the open and obvious doctrine as it relates to the landowner's duty was inapplicable. Therefore, we disagree with appellant that Texler requires courts to submit to a jury cases involving the open and obvious doctrine as it pertains to the landowner's liability. Rather, Texler states that once the plaintiff establishes that the defendant breached a duty owed to the plaintiff, the issue of comparative negligence ordinarily must be submitted to the jury.
Although we are aware that some Ohio courts of appeal have held that the open and obvious doctrine no longer is viable in light of Texler and the comparative negligence statute,[3] we do not believe that the two issues are incompatible.
In Anderson v. Ruoff (1995), 100 Ohio App.3d 601, 654 N.E.2d 449, the court explained that the open and obvious doctrine relieving a landowner of liability for negligence survived the enactment of the comparative negligence statute, R.C. 2315.19. The court stated:
 "The question of comparative negligence is never reached if the court determines that a landowner owes no duty. The open and obvious doctrine, therefore, is not inconsistent with the comparative negligence principles set forth in R.C. 2315.19. Rather, the open and obvious doctrine is determinative of the threshold issue, the landowner's duty. In the absence of duty, there is no negligence to compare."
Id., 100 Ohio App.3d at 604, 654 N.E.2d at 451; see Mullens v. Binsky
(1998), 130 Ohio App.3d 64, 76, 719 N.E.2d 599, 608; see, also, Simmers,64 Ohio St.3d at 648 n. 4, 597 N.E.2d at 509 (Wright, J., dissenting).
Thus, in the absence of clarification from the Ohio Supreme Court, this court will continue to adhere to the theory that a landowner owes no duty to protect an invitee from open and obvious dangers and that, without a duty, there can be no negligence and hence, no comparative negligence. See Bennett v. Stanley (2001), 92 Ohio St.3d 35, 42-43, 748 N.E.2d 41, 48
(stating that "[a] landowner's duty `does not extend to those conditions the existence of which is obvious'"); Shotts v. Jackson County (Dec. 27, 2000), Jackson App. No. 00 CA 16, unreported; Ashbaugh v. Family DollarStores (Jan. 20, 2000), Highland App. No. 99 CA 11, unreported; Sextonv. Wal-Mart Stores, Inc. (Jan. 14, 1999), Scioto App. No. 98 CA 2603, unreported; see, also, Morgan v. Kissel Bros. Shows, Inc. (June 19, 2001), Pickaway App. No. 00 CA 44, unreported; Whitelaw v. The Fifty-FiveRestaurant Group, Ltd. (Jan. 25, 2001), Franklin App. No. 00AP-668, unreported; Mustric v. Penn Traffic Corp. (Sept. 7, 2000), Franklin App. No. 00AP-277, unreported; Wilson v. PNC Bank (May 5, 2000), Hamilton App. No. C-990727, unreported; Vantell v. CK Petroleum Products (Dec. 16, 1998), Columbiana App. No. 97 CO 29, unreported.
We further note that despite Texler, several other courts continue to apply the open and obvious doctrine to absolve a landowner of liability for negligence. See Hart v. Dockside Townhomes, Ltd. (June 11, 2001), Butler App. No. CA2000-11-222, unreported (crack in concrete presented an open and obvious danger); Whitelaw, supra (height difference in threshold of door presented open and obvious danger); Howson v. Amorose (Nov. 30, 2000), Franklin App. No. 00AP-8, unreported (water-filled pothole constituted open and obvious danger); Hudak v. Valleyaire Golf Club,Inc. (Nov. 22, 2000), Medina App. No. 3010-M, unreported (danger of wearing golf shoes with metal spikes on hard floor constituted open and obvious danger); Wilson v. PNC Bank, supra (brick edging used to border flower bed presented open and obvious danger); Simmons v. Plaza View,Inc. (Dec. 9, 1999), Mahoning App. No. 98 CA 61, unreported (one-half inch difference between height of curb and sidewalk constituted open and obvious danger); Coco v. Chi-Chi's, Inc. (Sept. 23, 1999), Franklin App. No. 98AP-1306, unreported (two-foot drop over wall dividing property);Sheppard v. KAP Realty (Aug. 12, 1999), Cuyahoga App. No. 75860, unreported (parking lot containing deteriorating asphalt).
Having determined that Texler did not require the trial court to submit the case to a jury, we now consider appellant's second assignment of error which asserts that the trial court should have applied "precedential law in which the facts of the adjudicated case mirror the facts of the case to be judged." Specifically, appellant contends that the trial court should have applied Thompson v. Do-An, Inc. (Sept. 28, 2000), Franklin App. No. 99AP-1423, unreported, a case "startlingly close to the facts" of the case at bar. We disagree with appellant.
Even assuming that Thompson, a case from the Tenth Appellate District, presents facts "startlingly close" to the facts of the case at bar,[4]
courts within the Fourth Appellate District are not required to follow unpublished appellate decisions from other Ohio courts of appeal. See S.Ct. Rules Rep. Op. 2(G)(2).
Moreover, we believe that appellee's stairs presented an open and obvious condition that alleviated appellee of a duty. Furthermore, we do not believe that the condition of the stairs was unreasonably dangerous.
"The Supreme Court of Ohio has held that one who traverses over a step when entering a building is on notice of the condition of the step because of the prior use, and therefore, is not entitled to damages."Wilson v. Kids Room (Sept. 22, 1997), Highland App. No. 96 CA 909, unreported (citing Raflo v. Losantiville Country Club (1973),34 Ohio St.2d 1, 295 N.E.2d 202, paragraph two of the syllabus; Leightonv. The Hower Corp. (1948), 149 Ohio St. 72, 77 N.E.2d 600).
 "[W]hen one successfully traverses a step * * * upon entering a building, he cannot take the position that it was at that time so insubstantial as to go unnoticed, but became unreasonably dangerous, hence actionable, when injuries were occasioned by it upon exiting shortly thereafter. In Ohio `darkness is always a warning of danger, and for one's own protection it may not be disregarded.' Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 239 N.E.2d 37, paragraph three of the syllabus."
McGowan v. St. Antoninus Church (Apr. 6, 2001), Hamilton App. No. C-000488, unreported (footnote omitted) (citing Raflo; Waller v. Madden
(Feb. 20, 1983), Hamilton App. No. C-820339, unreported); see, also,Leighton, supra (holding that plaintiff could not recover from premises owner for injuries she sustained in traversing step from dark bathroom).
Several courts have held that dimly lit steps, uniform color between a step and the floor, and the lack of a handrail on steps do not render steps unreasonably dangerous, but rather present an open and obvious danger of which the person traversing the steps should be aware. SeeTomaselli v. Amser Corp. (July 20, 2000), Cuyahoga App. No. 76605, unreported (lack of handrail); Kornowski v. Chester Properties, Inc. (June 30, 2000), Geauga App. No. 99-G-2221, unreported (lack of color contrast); Orens v. Ricardo's Restaurant (Nov. 14, 1996), Cuyahoga App. No. 70403, unreported (dimly lit step and uniform color between step and floor); Juresa v. Radan (May 5, 1994), Cuyahoga App. No. 64951, unreported (speculation that presence of handrail may have prevented fall insufficient when plaintiff could not recall how she fell).
We further note that the landowner's duty is not to be determined by questioning "whether the step could have been made perfect or foolproof. The issue is whether the conditions that did exist were open and obvious to any person exercising reasonable care and watching where she was going." Orens v. Ricardo's Restaurant (Nov. 14, 1996), Cuyahoga App. No. 70403, unreported (citing Centers v. Leisure Internatl., Inc. (1995),105 Ohio App.3d 582, 584, 664 N.E.2d 969).
As stated in 2 Harper James, Law of Torts (1974) 1489-1491, Section 27.13:
 "People can hurt themselves on almost any condition of the premises. That is certainly true of an ordinary flight of stairs. But it takes more than this to make a condition unreasonably dangerous. If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight. This is true of the flight of ordinary stairs in a usual place in the daylight. It is also true of ordinary curbing along a sidewalk, doors or windows in a house, counters in a store, stones and slopes in a New England field, and countless other things which are common in our everyday experience. It may also be true of less common and obvious conditions which lurk in a place where visitors would expect to find such dangers. The ordinary person can use or encounter all of these things safely if he is fully aware of their presence at the time. And if they have no unusual features and are in a place where he would naturally look for them, he may be expected to take care of himself if they are plainly visible. In such cases it is enough if the condition is obvious, or is made obvious (e.g., by illumination). The knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. If plaintiff happens to be hurt by the condition, he is barred from recovery by lack of defendant's negligence towards him, no matter how careful plaintiff himself may have been. * * *"
(footnotes omitted), quoted in Baldauf v. Kent State Univ. (1988),49 Ohio App.3d 46, 49, 550 N.E.2d 517, 520-21.
Therefore, in light of the foregoing, we disagree with appellant that the trial court erred by not applying Thompson and by concluding that the condition of the stairs were not unreasonably dangerous.
In her third assignment of error, appellant asserts that the trial court improperly weighed the facts relating to whether appellee possessed superior knowledge of the condition of the premises. We note, however, that a landowner's superior knowledge becomes an issue only if the condition that caused the plaintiff's injury was unreasonably dangerous or was not reasonably ascertainable. See Jackson v. Kings Island (1979),58 Ohio St.2d 357, 358, 390 N.E.2d 810, 812 (stating that the landowner's "duty is normally predicated upon his superior knowledge of a dangerous condition on his premises" and that the landowner's duty "includes the duty to warn patrons of dangerous conditions known to, or reasonably ascertainable by, a proprietor which a patron should not be expected to discover or protect himself against"). As we discussed above, the condition of appellee's stairs was not unreasonably dangerous and the obvious nature of any danger associated with descending the stairs was reasonably ascertainable to appellant.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. Evans, J.: Concur in Judgment Opinion.
[1] The parties do not dispute that appellant was a business invitee and that appellee is the owner or occupier of the premises.
[2] The ordinance provides:
 (a) No person shall place or knowingly drop upon any part of a sidewalk or playground any tacks, bottles, wire, glass, nails or other articles which may damage property of another or injur[e] any person or animal traveling along or upon such sidewalk or playground.
* * *
 (c) No person shall place, deposit or maintain any merchandise, goods, material or equipment upon any sidewalk so as to obstruct pedestrian traffic thereon except for such reasonable time as may be actually necessary for the delivery or pickup of such articles. In no case shall the obstruction remain on such sidewalk for more than one hour.
Solon Municipal Code 660.10, quoted in Texler v. D.O. Summers Cleanersand Shirt Laundry (Nov. 27, 1996), Cuyahoga App. No. 69523, unreported (O'Donnell, J., dissenting). We recognize, however, that the Ohio Supreme Court's opinion in Texler failed to mention this issue.
[3] See Schindler v. Gales Superior Supermarket (Apr. 5, 2001), Cuyahoga App. No. 78421, unreported (stating that the open and obvious doctrine should be analyzed in terms of proximate cause and comparative negligence, not duty); Burks v. Marc Glassman, Inc. (Nov. 16, 2000), Cuyahoga App. No. 76676, unreported ("In Texler, the supreme court declined to apply the open and obvious doctrine as an automatic bar to recovery in a case where the plaintiff tripped over a bucket on a sidewalk); Ohlin v. Sears Roebuck and Co. (June 13, 2000), Mahoning App. No. 99 CA 13, unreported.
[4] In Thompson, the plaintiff, while descending a staircase, failed to see a step and fell onto a landing. The plaintiff alleged that the dimly lit stairway and the similarity in the floor color between the step and the landing caused her to fall. The plaintiff had never been to the landowner's premises prior to her fall, but she had, earlier in the evening, successfully ascended the stairs. The court of appeals found a genuine issue of material fact remained as to whether the steps were unreasonably dangerous. The court noted that the plaintiff had never descended the stairs prior to her fall, that at least two other people had fallen in the same location as the plaintiff, and that the landowner had notice of the prior incidents.
Although Thompson bears some resemblance to the case at bar, unlike the plaintiff in Thompson, in the case at bar appellant had, on the same day, successfully descended the stairs.