JACKSON, APPELLEE, *v.* KINGS ISLAND, APPELLANT.

(No. 78-1017—Decided June 13, 1979.)

Mr. *Robert H. Davis,* for appellee.

Messrs. *Rendigs, Fry, Kiely & Dennis* and Mr. *Frederick Brockmeier,* for appellant.

*Per Curiam.* The only issue appealed to this court is whether the trial court acted improperly in sustaining defendant's motion for summary judgment by finding, as a

matter of law, no duty on the part of defendant to warn plaintiff of the nature of the roller coaster ride.

The owner or occupier of premises is not an insurer of the safety of his invitees, but he does owe a duty to exercise ordinary or reasonable care for their protection. *S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718; *Railroad Co.* v. *Harvey* (1907), 77 Ohio St. 235. This rule applies with equal force to proprietors of amusement parks. *Cincinnati Base Ball Club Co.* v. *Eno* (1925), 112 Ohio St. 175. But, the obligation of reasonable care is an extensive one, applicable to everything that threatens an invitee with an unreasonable risk of harm. Prosser on Torts 393 (4 Ed. 1971), Section 61. This includes the duty to warn patrons of dangerous conditions known to, or reasonably ascertainable by, a proprietor which a patron should not be expected to discover or protect himself against. Accordingly, the proprietor's duty is normally predicated upon his superior knowledge of a dangerous condition on his premises. Since a warning eliminates the disparity between the proprietor's and patron's knowledge of the dangerous condition, it is usually sufficient to discharge the proprietor of his duty to exercise reasonable care.[2]

The question thus raised is whether the operator of this roller coaster, which was neither improperly designed, defectively constructed nor inadequately maintained, had a duty to warn the plaintiff that the nature of the ride was such that he might be injured in the normal course of its operation. The answer to this question turns upon the pres-

---

[2]Statements concerning an occupier's duty to warn invitees of dangerous conditions on his premises are frequently confused with defenses of contributory negligence and assumption of risk. See Keeton, Personal Injuries Resulting from Open and Obvious Conditions, 110 U. Pa. L. Rev. 629. We are presented here solely with the question of the defendant's duty, which must be determined from the standpoint of the defendant. See *Scheibel* v. *Lipton* (1951), 156 Ohio St. 308, paragraph three of the syllabus; 2 Restatement of Torts 2d 215, Section 343 (1965). Accordingly, the proper inquiry is what did the defendant know or should he have known, versus what the defendant could reasonably expect the plaintiff to know. Questions as to the plaintiff's subjective or objective state of mind are properly dealt with as affirmative defenses, and, therefore, are not now before us.

ence of facts and circumstances from which it might be concluded that the operator knew or should have known that the invitee had a disability or infirmity of such a nature that the danger of injury from the normal operation of the ride could be reasonably foreseen by the operator by reason of his superior knowledge of the nature of the device.

The trial court, in sustaining defendant's motion for summary judgment, found, as a matter of law, no such superior knowledge. Based on the record before us, we cannot agree that the answer is so clear-cut. While no question is raised as to what the defendant knew or should have known with respect to dangers inherent in a roller coaster ride, there is a legitimate dispute as to exactly what knowledge the defendant could fairly attribute to this plaintiff, based upon the plaintiff's proven age and poor physical condition, and the allegedly obstructed view of the ride. Whether or not there was a duty to warn the invitee in this case must be determined by the development at trial, and ultimate resolution, of these factual issues. Summary judgment is not appropriate where the facts, which must be viewed in a light most favorable to the party opposing the motion, *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, are subject to reasonable dispute. Civ. R. 56(C). Since we cannot say that reasonable minds could reach but one conclusion as to these matters and thus as a matter of law find no duty incumbent upon the defendant to warn plaintiff of the nature of the ride, we find that summary judgment was improperly granted for the defendant.

Accordingly, the judgment of the Court of Appeals is affirmed, and the cause remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, DONOFRIO and HOLMES, JJ., concur.

DONOFRIO, J., of the Seventh Appellate District, sitting for LOCHER, J.