**Lialan M. THOMAS, Plaintiff,**

v.

**COLECO INDUSTRIES, INC., et al.,
Defendant/Third–Party Plaintiff,**

v.

**Susan YOUNG, et al.,
Third–Party Defendant.**

**No. C85–1865.**

United States District Court,
N.D. Ohio, E.D.

Nov. 17, 1987.

Joseph A. Condeni, Jerome & Smith, Cleveland, Ohio, for plaintiff.

Roy L. Hulme, Reminger & Reminger, Cleveland, Ohio, for defendant/third-party plaintiff.

Thomas A. Dugan, Jeffrey W. Van Wagner, Ulmer & Berne, Cleveland, Ohio, third-party defendant.

## ORDER

BATTISTI, Chief Judge.

Third-party defendants, Susan and Duane Young ("Youngs"), invited plaintiff, Lialan M. Thomas, and her friend, Brian Philips, to their home in Perry, Ohio for the 1983 Fourth of July weekend. They arrived at approximately two a.m. on July third after driving for four hours from their homes near Buffalo, New York. Shortly after Ms. Thomas and Mr. Phillips arrived they were invited to cool off in the Youngs' above-ground swimming pool (manufactured by defendant, Coleco Industries, Inc. ("Coleco")). The Youngs and Mr. Phillips jumped in feet first. Ms. Thomas dove in head first. How the Youngs reacted to Ms. Thomas' dive is now in dispute (this dispute has arisen since this Court granted summary judgment to the Youngs, *Thomas v. Coleco, et al.,* 673 F.Supp. 1432 (1987) ("Order")). Ms. Thomas claims that Mrs. Young, in a calm voice, said, "I wish you wouldn't do that." The Youngs claim they both told her "no diving" and explained that this rule was necessary because the water was too shallow for diving.

At approximately eleven a.m., after she had slept, Ms. Thomas again dove into the pool. This time her head hit the bottom and she sustained emotional and physical injury including a neck fracture and head and spinal cord injuries.

Ms. Thomas filed this diversity case against Coleco claiming that her injuries resulted from Coleco's negligent design and manufacture of the pool, failure to adequately warn consumers of certain dangerous conditions, and breach of express and implied warranties of fitness. She seeks $1,000,000.

Coleco filed a third-party complaint seeking indemnification from the Youngs claiming that Ms. Thomas' injuries were the result of the Youngs' negligence. The Youngs' motion for summary judgment was granted because, based on the evidence available at the time, the Youngs had fulfilled their duty to their guest by adequately warning her of the danger. *Thomas v. Coleco,* Order at 1436. The Ohio Supreme Court has established that the duty owed by a host to a social guest is:

> [t]o warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition.

*Scheibel v. Lipton,* 156 Ohio St. 308, 102 N.E.2d 453, 454 (1951) (syllabus 3).

■ Pursuant to Rule 52(b), Ms. Thomas now moves for the Court to reconsider its summary judgment order and to amend its findings of fact and judgment. The Youngs oppose this motion on two procedural grounds: (1) Ms. Thomas, the plaintiff, is not "adverse" to the Youngs, the third-party defendants; and (2) Ms. Thomas' motion was not filed on time. This procedural opposition has no merit because: (1) plaintiffs are "parties" who may file Rule 52(b) motions, and (2) Ms. Thomas' motion *was* filed on time. Therefore, because Ms. Thomas offers new evidence suggesting that the Youngs did not warn her of the dangerous condition of the pool, the Court will reconsider the Youngs' summary judgment.

■ The Order's finding of fact Number Four was that after Ms. Thomas dove into the pool, "[she] was immediately admonished by Susan Young, who told her, 'We don't allow diving and please don't do it again.' She explained to plaintiff that the water was too shallow for diving. Duane Young also asked plaintiff not to dive into the pool because it was not deep enough." *Thomas v. Coleco,* Order at 1433 (citation omitted). The Court found that this warning discharged the Youngs' duty to their social guest.

Ms. Thomas now offers her own deposition and her friend, Brian Phillips', affidavit. They contend that Mrs. Young said, in a normal tone of voice, "I wish you wouldn't do that." Deposition of Lialan M. Thomas, p. 28. Affidavit of Brian Phillips, p. 2. This evidence establishes that the answers to the following material questions are now disputed: (1) What was actually said to Ms. Thomas after her first dive and by whom? and (2) Is what was said a "warning" that discharged the Youngs' duty to their social guest?

In light of Ms. Thomas' evidence the Court finds that what was actually said on July 3, 1983 must be determined by the trier of fact. Also, after construing the evidence most favorably to Ms. Thomas, it cannot be said that "I wish you wouldn't do that," in a normal voice, after their guest had dived into their pool, is a warning that discharged the Youngs' duty to their social guest as a matter of law.

What is required is a warning—not a "reasonable" warning or an "adequate" warning but simply a warning. *Scheibel*, 156 Ohio St. at 308, 102 N.E.2d at 454. The purpose of the warning is to "eliminat[e] the disparity between [the plaintiff's and the defendants'] knowledge of the dangerous condition...." *Jackson v. Kings Island*, 58 Ohio St.2d 357, 359, 390 N.E.2d 810, 812 (1979). If a danger is obvious the plaintiff should recognize it and adjust her behavior after a simple prohibition (for example, "I wish you wouldn't do that"). As the danger becomes more subtle the message to the plaintiff must eventually contain an element of why a certain activity should not be pursued. That is, the more obvious the danger, the less explicit the warning need be. Also, the characteristics of the plaintiff are relevant. Simply telling a child not to do something is a warning as a matter of law. *Signs v. Signs*, 161 Ohio St. 241, 242, 118 N.E.2d 411, 412 (1954). Here the trier of fact should determine whether an adult would be more or less likely, under the circumstances, to be warned by a simple prohibition.

Again, the Court can not say, as a matter of law, that "I wish you wouldn't do that"

is a warning that discharged the Youngs' duty to Ms. Thomas. The trier of fact must determine exactly what was said, under what circumstances, and whether that was a "warning" that discharged the Youngs' duty. *Mason Tire & Rubber Co. v. Lansinger*, 108 Ohio St. 377, 382, 140 N.E. 770, 771 (1923).

■ Disposing of the warning issue does not end the inquiry, however. The Youngs' summary judgment motion raises another issue that was not dealt with squarely in the Order. To focus on the warning issue, "the Court presume[d] that the Youngs were aware of the danger of diving into their pool, that plaintiff was unaware of the danger, and that the Youngs had reason to believe that plaintiff did not know and would not discover the danger." *Thomas v. Coleco*, Order at 1436. In moving beyond the warning issue the Court will now specifically consider whether the Youngs had reason to believe that their guest did not know of the dangerous condition which ultimately harmed her.

In this case, a twenty-one year old junior college student, a friend, had just driven from Buffalo to Perry, Ohio. It was the middle of the night. She walked up to the above-ground pool (presumably she could see how deep it was), peered in, and dived in. As Ms. Thomas stood up Mrs. Young said, "I wish you wouldn't do that" (this is the version of what was said to be used in this summary judgment analysis). The question is, from this point on, would a host have reason to believe that a guest did not know of the dangerous condition existing on the premises—that the pool was too shallow for diving?

Guided by the Ohio Supreme Court's policy of requiring of a host a more lenient legal duty toward a social guest than "ordinary care for [the guest's] protection against injury" (the duty owed to a business invitee), *Scheibel*, 156 Ohio St. at 327–30, 102 N.E.2d at 462–63, the Court finds, as a matter of law, that the Youngs did not have reason to believe that Ms. Thomas would not know that the pool was too shallow for diving and, therefore, grants their summary judgment motion.

The only argument against this conclusion is that the Youngs knew that Ms. Thomas approached the pool and perched on the edge prior to her first dive—yet she dove in anyway. The argument is that she did not appreciate that the pool was too shallow for diving before the first dive and the Youngs had no reason to believe that she appreciated the danger after the dive either. However, after her dive three significant events occurred: (1) she had in fact experienced her first dive; (2) she had been told "I wish you wouldn't do that" by her friend, her hostess; and (3) she had been standing in the waist deep water (she knew exactly how shallow it was). Ms. Thomas could have appreciated the danger as a common sense reaction to her first dive and standing in the shallow water. She also could have reasoned that her hostess wished she would not dive because it was dangerous. There are, after all, only two plausible explanations for Mrs. Young wishing Ms. Thomas would not dive: (1) that the Youngs' preferred poolside behavior did not include diving and (2) that it was dangerous.

■ Also, the Youngs could expect that their guest would comply with their wishes, or that Ms. Thomas would ask for an explanation if she did not understand why Mrs. Young wished she would not dive. Ms. Thomas' silence is an indication that she understood the reason for the request or that she would comply.

Under these circumstances the Youngs would have no reason to believe that their junior college student friend did not realize or reason that the pool was too shallow for diving or that she would silently disregard their wishes.

To hold these hosts liable would require them to fathom Ms. Thomas' mind more fully than Ohio law requires. In *Scheibel v. Lipton* defendants were granted summary judgment when the plaintiff was injured by a depression in the lawn. He had strayed from the clearly provided walkway in front of the house. The court found, as a matter of law, that a guest straying from the path could not "have been within the reasonable expectations of the hosts." *Scheibel*, 156 Ohio St. at 331, 102 N.E.2d at 464. Surely, Ms. Thomas taking another dive could not have been within the reasonable expectations of the Youngs. *See also Signs v. Signs*, 161 Ohio St. 241, 118 N.E. 2d 411 (1954) (directed verdict for defendant parents who told the plaintiff child to stay away from a gasoline tank).[1]

IT IS SO ORDERED.

roller coaster could attribute to elderly plaintiff in poor physical condition is a question of fact for the jury).

1. Of course, a different conclusion may be appropriate for a business invitee plaintiff. *See Jackson v. Kings Island*, 58 Ohio St.2d 357, 390 N.E.2d 810 (1979) (what knowledge operator of