Plaintiff-appellant, Beverly Fowee, appeals the decision of the Warren County Court of Common Pleas granting summary judgment to defendant-appellee, Paramount Parks, Inc., in a case arising from an injury sustained by appellant while on appellee's premises. We affirm.
On July 6, 1994, appellant visited Paramount's Kings Island. Appellant decided to ride a water slide known as the "Bonzai Pipeline." Appellant claims that while sliding through the water flume, she was flipped onto her left side by a surge of water. She struck her face against a seam in the side of the water tube, and fractured her nose.
On July 2, 1996, appellant filed a complaint naming both appellee and John Doe Corporation as defendants. In count one, appellant alleged that appellee was negligent in maintaining the water slide. In count two, appellant alleged that John Doe Corporation was negligent in designing, manufacturing, inspecting, failing to adequately warn, and selling the water slide. Appellant failed to amended her complaint under Civ.R. 15(D) to name the manufacturer of the water slide once the manufacturer's actual identity was known. As a result, appellant never achieved service of process on the manufacturer within one year as required by Civ.R. 3(A).
On June 16, 1998, appellee moved for summary judgment. The trial court, by its judgment entry filed August 6, 1998, dismissed defendant John Doe Corporation for want of service, and granted summary judgment to appellee. Appellant appeals the trial court's decision granting summary judgment to appellee, raising the following sole assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE THERE EXISTED NEGLIGENCE ON THE PART OF APPELLEE AND WHERE THERE EXISTED GENUINE ISSUES OF MATERIAL FACT, REGARDING WHETHER APPELLEE BREACHED ITS DUTY OF CARE AND WHETHER SUCH BREACH WAS THE PROXIMATE CAUSE OF APPELLANT'S INJURIES.
We review the trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440,445. Under Civ.R. 56(C), summary judgment is appropriate where (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in their favor. Welco Industries, Inc.v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. Summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essentials of its claim. Id.
A party seeking summary judgment bears the initial burden to inform the court of the basis for the motion, identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party satisfies this initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue of fact for trial. Id. If the nonmoving party does not so respond, summary judgment is appropriate against the nonmoving party. Id.
It is well-established that to establish negligence in a premises liability case, one must show the existence of a duty, a breach of that duty, causation, and damages. Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142. It is not disputed that appellant's legal status while visiting the amusement park was that of a business invitee.[1] A landowner owes a duty to invitees "requiring that the premises be kept in a reasonably safe condition, and that warning be given of dangers of which he has knowledge." Eicher v. United States Steel Corp. (1987), 32 Ohio St.3d 248,249. Generally, the law of premises liability applies with equal force to proprietors of amusement parks.Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 359.
On behalf of appellant, Dr. Chandler A. Phillips, M.D., P.E., provided expert testimony by way of deposition. Phillips concluded that the water flow in the left flume, the flume in which appellant was injured, was faster than the water flow in the right flume. In this regard, the following dialogue occurred:
 Skinner [counsel for appellee]: Okay. But they are inconsistent in speed and flows because of the design?
 Phillips: That's correct.
* * *
 Skinner: Are you saying that Mrs. Fowee would not have been injured if she was on the right or the center?
 Phillips: The probability is significantly reduced had she simply taken the center or the right ride.
 Skinner: Is that the only opinion you're — you've formulated in this case, is that the left flume by its design places a rider at a greater foreseeable risk and that this is a design defect?
* * *
 Phillips: Well, I'm going to offer a number of subopinions that develop the foundation for that major overall opinion.
* * *
 Skinner: Why don't you give me the opinions you're — you intend to offer in this case? Tell me what they are and then we'll talk about them.
 Phillips: My first set of opinions would be a reconstruction of the kinematics and kinetics associated with Ms. Fowee's body as she transited down the tube and I would be offering a set of opinions regarding the nature and directions of the forces and her movements that resulted in the frontal facial impact and I would be going through those. The second broad category would be where we are now; to summarize the variables, risk factors, design elements that contributed to the hazard that put — that put Ms. Fowee at increased risk and then the third element would be basically my evaluation of the on-site medical care.
Thus, Phillips' opinion identified how the accident occurred, the design defect in the slide, and the medical attention given to appellant after the accident. No doubt, Phillips' opinion effectively supports a claim that a design defect caused appellant's injury. However, as noted above, appellant's claim against the manufacturer was declared a nullity due to her failure to achieve service of process within one year. Although appellant attempts to argue otherwise, we find nothing in Phillips' deposition to support appellant's claim that appellee's negligence caused her injuries. In addition, after careful review of the entire record, we can find no other evidence which would support appellant's claim of negligence against appellee.
We find that appellee has satisfied its initial burden under Civ.R. 56(C) identifying the portions of the record which demonstrate the absence of a genuine issue of material fact on the essential elements of the claim. Appellant, however, has failed to meet her reciprocal burden under Civ.R. 56(E) to set forth facts showing that there remains a genuine issue for trial. See Dresher at 293. Accordingly, we find that summary judgment for appellee was appropriate, and appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] A business invitee is a person who comes upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner of the premises. Scheibel v.Lipton (1951), 156 Ohio St. 308, paragraph one of the syllabus.