**SPRADLIN et al.**

v.

**WILLIAMS et al.**

Court of Common Pleas of Ohio,
Clermont County.

No. 98 CV 790.

Decided July 13, 1999.

*David D. Daugherty, Jr.,* for plaintiffs.

*Myron A. Wolf,* for defendants.

ROBERT P. RINGLAND, Judge.

Plaintiffs, Marlene and Lester Spradlin, filed their complaint on September 23, 1998, alleging injuries stemming from an attack by the defendants' cat. Presently before the court is the defendants' motion for summary judgment.

Prior to the incident in question, the defendants, Jean and Terry Williams, had employed plaintiff Marlene Spradlin as a housekeeper, through Fresh Start Cleaning, for approximately one and one-half years. Marlene would clean the defendants' home every two weeks. During this time, the defendants owned a cat, which was admittedly "unfriendly" and which would at times hiss at strangers. On or about October 2, 1996, the cat bit Marlene on the leg.

Plaintiffs now claim that the defendants were negligent in not warning Marlene of the vicious nature of their cat or in not taking steps to secure her safety. Plaintiffs further contend that the defendants are strictly liable for all damages and that plaintiff Lester Spradlin is entitled to damages for loss of services and

consortium. In their motion, defendants argue that they had no knowledge that the cat was "vicious" and that the nature of the cat was known to Marlene, so that she was under a duty to protect herself.

The moving party in a motion for summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. Once this burden is met, the nonmoving party may not rest on mere assertions, but must set forth specific facts showing that there is a genuine issue for trial. *Id.* In determining whether there is a question of fact precluding summary judgment, the court must view the record and draw all inferences in the light most favorable to the nonmoving party. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 341, 617 N.E.2d 1123, 1127.

■ While there are statutes addressing dogs and the liability arising from their actions, cats are governed by common law; in other words, strict liability does not apply. Plaintiffs apparently agree and are proceeding under the negligence theory of premises liability, asserting that Marlene was an invitee. Property owners must protect invitees or warn them of an unreasonable risk of harm of which the owner is aware or should be aware. *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St.3d 312, 662 N.E.2d 287; *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 12 O.O.3d 321, 390 N.E.2d 810. Of course, where invitees are equally aware of a risk of harm, for example, from natural accumulations of ice and snow, the property owner has a right to assume that they will appreciate that risk and take action to protect themselves. *LaCourse v. Fleitz* (1986), 28 Ohio St.3d 209, 28 OBR 294, 503 N.E.2d 159. It is the unknown or heightened nature of the risk that makes it unreasonable. Furthermore, it is the foreseeability of the harm that creates the duty in the property owner. *Kuhn v. Youlten* (1997), 118 Ohio App.3d 168, 175, 692 N.E.2d 226, 231.

■■ The court finds that the defendants have failed to meet their summary judgment burden. The defendants claim that they had no knowledge that their cat was "vicious" and, therefore, were not aware of any risk of harm to the plaintiff. In response, however, plaintiffs emphasize deposition testimony indicating that Marlene had informed one of the Williamses that the cat had scratched her a few months prior to the biting incident. Regardless of the defendants' affidavits to the contrary, the court must construe all evidence in a light most favorable to the plaintiffs. The court finds that, if in fact the defendants were aware that the cat had scratched Marlene, this would put them on notice that their cat posed a risk of harm. *Miller v. Baylor* (Apr. 14, 1986), Stark App. No.

CA–6794, unreported, 1986 WL 4627 (evidence that cat had been growling and hissing was evidence that the cat was vicious and/or aggressive). As there is a question of fact as to whether the defendants were on notice of their cat's aggressive nature, summary judgment is precluded.

■ Defendants also claim that Marlene was equally aware of the risk posed by the cat and, therefore, the risk was not unreasonable. Again, however, there is evidence that Marlene had informed one of the Williamses that the cat had scratched her a few months prior to the biting incident. If true, this is evidence that Marlene took action to protect herself from the risk of harm of which she was aware, thereby fulfilling her duty; plaintiff did, in essence, all she could to protect herself. Once she did so, it was reasonable for her to assume that the defendants would fulfill their duty to protect her, since they were in the better position to do so. As there is a question of fact as to whether the risk of harm remained unreasonable, summary judgment is precluded.

For these reasons, the defendants' motion for summary judgment is hereby denied.

*Motion denied.*