OPINION
{¶ 1} Plaintiff-appellant, Lydia B. Gutierrez, appeals the decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Paramount Kings Island ("Kings Island"), in a case arising from a fall and injury on appellee's premises. We affirm the decision of the trial court.
 {¶ 2} On July 1, 2000, appellant and her family visited Kings Island for a company picnic. Appellant and her family decided to ride an attraction called the Scrambler. This ride has multiple cars that are connected to each other in groups of four. Each group of cars spins around a central axis. The individual cars are connected to the central axis by a metal pole, and the cars do not touch the ground. Each car is equipped with a single step that is approximately fifteen inches above the ground, and the seating allows for two patrons to sit in each car. The ride is on a level concrete surface, and the waiting area for the ride allows patrons to watch the ride as it is in progress. When the ride is not in progress, each group of cars remains stationary. However, an entire group of cars can move slightly when a patron boards one of the cars.
 {¶ 3} On this particular visit to Kings Island, appellant waited in line to ride the Scrambler for approximately fifteen minutes and watched at least one group of patrons board and ride it. When appellant entered the ride area, she stepped on the metal step of a car with her left foot and attempted to place her right foot on the floor of the car. Before appellant was able to place her left foot inside, the car suddenly moved, and appellant lost her balance and fell, breaking her leg.
 {¶ 4} Appellant had ridden the Scrambler once before at Kings Island, and had ridden similar rides several times at other amusement parks in Texas. Although appellant had never experienced this type of movement while entering a car on the ride, she recalled previously experiencing similar movement after entering the car and sitting inside. Appellant did not know what caused the car to move in this instance, but she admitted that the movement was probably caused by another patron entering one of the other cars in the group.
 {¶ 5} On October 3, 2001, appellant filed a complaint alleging that her injury was the result of appellee's negligence and seeking compensation for "permanent physical bodily injury, lost wages, emotional distress, present and future pain and suffering, and present and future medical expenses." On June 20, 2002, appellee moved for summary judgment, and on August 9, the trial court granted the motion. In its decision, the trial court stated that, "even if the tendency of the car to move be deemed a danger or defect, it is a danger that was open and obvious to the plaintiff. Therefore the defendant had no duty to warn the plaintiff of the situation or take preventative measure." Appellant appeals the trial court's decision, raising the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT GRANTED THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 7} Our review of the trial court's summary judgment decision is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. Civ.R. 56(C) provides that summary judgment is appropriate where "(1) [n]o genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v. Applied Companies,67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 8} Where a motion for summary judgment is properly made and supported under Civ.R. 56(C), the nonmoving party may not rest upon its pleadings, but instead must produce evidence showing a genuine issue of fact as to issues upon which it has the burden of proof. Dresher v.Burt, 75 Ohio St.3d 280, 287, 1996-Ohio-107.
 {¶ 9} To avoid summary judgment in a negligence action, the plaintiff must show: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77.
 {¶ 10} Because it is dispositive of the present appeal, we will first address whether appellee owed appellant a duty of care. It is undisputed that appellant was a business invitee. An owner or occupier of a business owes its invitees a duty of ordinary care in maintaining the premises in a "reasonably safe condition" so that its customers are not exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203. However, an occupier of a premise is under no duty to protect a business invitee against dangers that are known to such invitee or are so obvious and apparent to such invitee that she may reasonably be expected to discover them and protect herself against them. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
 {¶ 11} An owner or occupier of premises is not an insurer of the safety of its invitees, but does have a duty to exercise reasonable care for its invitees by warning them of dangers that are not open and obvious. Paschal, 18 Ohio St.3d 203, 203. This duty of care applies equally to proprietors of amusement parks. Darling v. Fairfield MedicalCenter (2001), 142 Ohio App.3d 682, 685. The obligation of reasonable care is extensive, and includes "the duty to warn patrons of dangerous conditions known to, or reasonably ascertainable by, a proprietor which a patron should not be expected to discover or protect himself against." Id. However, such a duty is normally predicated on the proprietor's superior knowledge of a dangerous condition on the premises. Id. Where a dangerous condition is open and obvious, an owner or occupier of premises has no duty to warn an invitee of its presence. Sidle, 13 Ohio St.2d 45.
 {¶ 12} Appellant first contends that appellee had a duty to assist her in boarding the Scrambler because she was unaware of the potentially dangerous condition. She maintains that the condition was not open and obvious, because she did not know that the Scrambler cars can move when patrons are boarding the ride.
 {¶ 13} We agree with the trial court's determination that the condition in question was open and obvious. In her deposition, appellant testified that she had ridden the Scrambler or a similar ride at least three times in the past. Appellant stated that on these previous occasions, she had felt the ride move while sitting inside a car, which she attributed to other patrons boarding the ride. Further, appellant testified that she waited at least fifteen minutes in a line where she had an unobstructed view of the entire ride. Appellant knew that it was a possibility that the car she was boarding could move if other patrons were still boarding their cars. From appellant's own testimony, it is thus clear that she had actual knowledge that the Scrambler cars can move suddenly when patrons are boarding the ride. Appellee had no duty to warn appellant that the cars can move, because appellant knew of the danger and the danger was open and obvious. Accord Sidle, 13 Ohio St.2d 45.
 {¶ 14} Appellant further argues that because of her physical condition, appellee had the duty to warn her of the inherent dangers of the ride. Appellant claims that because she weighs 210 pounds, appellee had a duty to warn her that the Scrambler cars can move while patrons are boarding the ride. Appellant supports this argument by analogizing the case at bar with Jackson v. Kings Island (1979), 58 Ohio St.2d 357. However, Jackson is easily discernable from this case.
 {¶ 15} In Jackson, an 87-year-old man was injured on a roller coaster that he had not previously ridden. Id. The operators of the roller coaster noted that the man appeared to be in poor physical condition, because he walked slowly and stiffly, and had difficulty turning his head. Id. Despite their observations, the operators allowed the patron to ride the roller coaster, and the sudden change of motion on the ride caused injuries to his neck. Id. The Ohio Supreme Court held that summary judgment was inappropriate in that case, because there was a legitimate question as to what knowledge the patron had of the nature of the ride, given his age, poor physical condition, and his inability to see the ride from the waiting line. Id. at 360.
 {¶ 16} There are numerous differences between Jackson and the case at bar. First, while appellant's age is not clear from the record, it appears that until appellant's injury, she was physically able to work a full-time job where she remained standing for the majority of an eight-hour workday. Further, appellant testified at her deposition that she had not experienced any health problems prior to her accident, and that she had not been taking any medication. Appellant's only alleged physical limitation appears to be that she weighed approximately 210 pounds at the time of her injury. Absent further evidence of appellant's physical stature, we fail to see how appellant's weight compares to the poor physical condition of the elderly man in Jackson.
 {¶ 17} Also, in Jackson, the patron had not previously ridden that particular roller coaster, nor could he view the ride while waiting in line. Id. In this case, not only had appellant ridden the Scrambler or a similar ride at least three times in the past, she waited in line and observed, while at least one group of patrons boarded and rode the ride. Because of these significant differences, we find that appellee had no duty to warn appellant of the possible dangerous conditions of the Scrambler based on her physical conditions.
 {¶ 18} Appellant lastly argues that the trial court incorrectly granted summary judgment because she provided expert testimony indicating that appellee should have provided her with assistance. Appellant's expert testified that "the movement of the cars during loading is an inherent risk associated with the ride" and that Kings Island knew or should have known that the Scrambler cars could move suddenly and without warning. The expert suggests that because of the dangerous condition during loading, Kings Island should have taken additional safety steps.
 {¶ 19} However, as explained earlier, appellee did not have a duty to warn appellant of the open and obvious condition. Appellant testified that she had felt the Scrambler cars move during her previous experiences on the ride, and understood that the movement was caused by other patrons boarding the ride. Further, as appellant's own expert stated, the movement is an "inherent characteristic" of the ride. Appellee had no duty to warn appellant of such an open and obvious condition.
 {¶ 20} We find that as a matter of law, there is no genuine issue of material fact that appellee did not owe appellant a duty to appellant to warn her that the Scrambler cars can move. Construing the evidence in favor of appellant, appellees are entitled to a judgment as a matter of law because the condition was open and obvious. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.