DECISION.
{¶ 1} In this trip-and-fall case, plaintiff-appellant Ann E. Kilday appeals the trial court's grant of summary judgment in favor of the defendant-appellee, Winn-Dixie Charlotte, Inc. Because this case presents a clear application of the open-and-obvious doctrine, which the Ohio Supreme Court recently held remains viable in Ohio,[1] we affirm.
 {¶ 2} On the rainy evening of December 12, 1999, Kilday, then seventy-eight years old, went to a Thriftway grocery store in North College Hill with her daughter, Roseanne Knab. Knab dropped her mother off in front of the store and went to park the car. Kilday went ahead and entered the store, proceeding through two sets of double doors and into the area where the shopping carts were stored.
 {¶ 3} Due to the inclement weather, the store had placed mats on the floor both between the sets of double doors and inside the store near the shopping carts. As Kilday approached the carpets in front of the carts, she noticed that the carpets were "bunched up." She went to pull out a shopping cart, but somehow became tangled up in the carpet and fell. Kilday broke her arm and spent several days in the hospital. Kilday presented to the trial court several theories for Winn Dixie's liability, but the court granted Winn-Dixie's summary-judgment motion.
 {¶ 4} We review a grant of summary judgment de novo.[2]
Winn-Dixie was entitled to prevail on its summary-judgment motion only if (1) there was no genuine issue of material fact; (2) it was entitled to judgment as a matter of law; and (3) it appeared that reasonable minds could come to but one conclusion when viewing the evidence in favor of the party opposing the motion, and that conclusion was adverse to the party opposing the motion.[3]
 {¶ 5} To establish actionable negligence, Kilday had to show the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach.[4] The parties agree that Kilday was an invitee on Winn-Dixie's property. Under these circumstances, Winn-Dixie owed Kilday the highest duty a property owner can owe a person, the duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition.[5] While a property owner is not an insurer of its invitees' safety, the property owner has a duty to warn an invitee of latent or concealed perils on the property of which it has knowledge or should have knowledge.[6]
 {¶ 6} Invitees likewise have a duty in that they are expected to take reasonable precautions to avoid dangers that are patent or obvious.[7] Under the open-and-obvious doctrine, a property owner has no duty to warn or protect invitees against hazardous conditions that are open and obvious.[8] The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the property owner may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.[9]
 {¶ 7} In response to inconsistencies among Ohio courts, the Ohio Supreme Court has recently held that the open-and-obvious doctrine remains viable in Ohio.[10] When applicable, the open-and-obvious doctrine obviates the property owner's duty to warn and acts as a complete bar to any negligence claim.[11] Where there is no duty, there is no liability.[12] Though this author, at least, believes that this doctrine is a throwback to medieval times, we must follow the law as promulgated by the Ohio Supreme Court.
 {¶ 8} In Kilday's deposition, she clearly admitted several times that she saw that the carpets were bunched up in front of the shopping carts. Kilday stated, "And then I get up to the other two doors and the carpet — I seen the carpet, and I walked over to get the cart to push, and the — it seemed like the carpet was all bunched up like, you know, they get wet." She later said, "I didn't slip on the water. It was after I got up to the carpet and it was all bunched up. * * * [T]he carpets were pushed up to where the carts was. I did notice that, and I went to do something. I don't know if I went to bypass it or what; but after that, I got tangled up in that." Later she added, "All I know is the carpet was all bunched up, and I had to step over it or turned around or whatever."
 {¶ 9} It is clear from Kilday's own deposition that she saw the hazard that the carpets presented. The only conclusion reasonable minds could reach, construing the facts in Kilday's favor, was that Kilday was aware of the hazard of the carpets and did not successfully avoid it.
 {¶ 10} Because the condition of the carpets was an open and obvious hazard, Winn-Dixie owed no duty to Kilday to either warn or protect her, and, as a matter of law, Winn-Dixie could not be liable to Kilday for negligence.
 {¶ 11} Accordingly, we overrule both of Kilday's assignments of error and affirm the trial court's grant of summary judgment in favor of Winn-Dixie.
Judgment affirmed.
Doan, P.J., and Hildebrandt, J., concur.
[1] See Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, 788 N.E.2d 1088.
[2] See Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186,738 N.E.2d 1243.
[3] See Grafton v. Ohio Edison Company, 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[4] See Texler v. D.O. Summers Cleaners Shirt Laundry Company,81 Ohio St.3d 677, 680, 1998-Ohio-602, 693 N.E.2d 271.
[5] See Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68,502 N.E.2d 611.
[6] See Westwood v. Thrifty Boy Super Markets, Inc. (1972),29 Ohio St.2d 84, 86, 278 N.E.2d 673; Jackson v. Kings Island (1979),58 Ohio St.2d 357, 359, 390 N.E.2d 810.
[7] See Brinkman v. Ross (1993), 68 Ohio St.3d 82, 84, 623 N.E.2d 1175;Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus.
[8] See Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642, 644,1992-Ohio-42, 597 N.E.2d 504.
[9] Id.
[10] See Armstrong v. Best Buy Co., Inc., supra, syllabus.
[11] Id. at ¶ 5.
[12] Id. at ¶ 11.