OPINION
{¶ 1} Diana Miller appeals from a judgment of the Montgomery County Court of Common Pleas, which granted the motion of The Chateau Club for summary judgment.
 {¶ 2} The following facts are undisputed:
 {¶ 3} At approximately 9:30 p.m. on March 14, 2002, Miller went to The Chateau Club, a dining and drinking establishment located at 4302 Webster Street in Dayton, Ohio. At that time, Miller was a regular patron and went to the restaurant two or three times per week. Miller had previously been employed at The Chateau Club as a bartender and a waitress. The Chateau Club is a sole proprietorship owned by Michael Horn since 1996.
 {¶ 4} On the night in question, Miller used the women's restroom on two occasions. At approximately 11:30 p.m., Miller visited the restroom for the second time. Miller attempted to use the first stall. However, as Miller pulled on the handle of the stall door, the door came off its hinges and struck her on the head above her left eye. Miller was knocked to the floor. Miller was taken to the hospital by ambulance and received several stitches.
 {¶ 5} On May 19, 2003, Miller brought suit against The Chateau Club, alleging that the establishment had been negligent in three respects: (1) by failing to keep the restroom in good repair and free from faulty stall doors, (2) by failing to conduct regular inspections of the business and thereby failing to discover and correct the defective condition, and (3) by failing to properly design, construct, erect caution signs, or otherwise warn the public about the hazardous condition. The Chateau Club sought summary judgment on Miller's claims, asserting that it did not create the danger and that it neither knew nor should have known of the danger. In response, Miller contended that the restaurant had actual notice of the faulty restroom doors. Miller testified in her deposition that Molly Enix, an employee of The Chateau Club, entered the restroom after she had been hit by the stall door and said, "I told him the fix these fucking things or something like this was going to happen." Miller further asserted that the restaurant had constructive knowledge of the defect, noting that the hinges were very old, that no repairs on the doors had occurred during the time that Horn had owned the establishment, and that another patron, Mary Baines, had indicated that she had had problems opening the stall doors. In its reply, The Chateau Club challenged, among other things, the admissibility of the statements of Baines and Enix. It asserted that their statements were inadmissible hearsay and that Enix had not been acting within the scope of her employment when she made her statement because she had no responsibility for fixing or making repairs to the restroom stall doors.
 {¶ 6} In granting summary judgment to The Chateau Club, the trial court agreed with the restaurant that Enix's and Baines's statements were inadmissible hearsay. With regard to Enix, the court cited to the affidavit of Michael Horn, in which he stated that Enix had no responsibility with regard to maintenance and/or repairs of the restroom, thereby making such responsibility outside the scope of her employment. The trial court concluded that, "[a]s the employee had no responsibility in regard to the matter in question, her statement does not qualify as an exception to hearsay and thus this court may not properly consider it in ruling on Defendant's Motion for Summary Judgment." Having excluded Enix's statement, the trial court found that Miller had failed to raise a genuine issue of material fact that The Chateau Club had had actual or constructive notice of the condition of the restroom stall door, and it granted summary judgment in favor of the The Chateau Club.
 {¶ 7} Miller raises one assignment of error on appeal.
 {¶ 8} "The trial court erred in failing to consider evidence concerning defendant-appellee's notice of a hazardous condition on defendant-appellee's premises and in resultantly granting defendant-appellee's motion for summary judgment."
 {¶ 9} In her sole assignment of error, Miller claims that the trial court erred in excluding the statement by Molly Enix and that, upon considering that evidence, the trial court should have found that she had raised a genuine issue of material fact as to whether The Chateau Club had had notice of the alleged defective condition of the restroom stall door. Miller asserts that Enix's statement was an admission of a partyopponent and thus admissible.
 {¶ 10} Evid.R. 801(D)(2) provides that admissions by a party-opponent are not hearsay. A statement by a party-opponent constitutes an admission if it is "a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship." Evid.R. 801(D)(2)(d). "General principles of agency law allow for the admissibility of statements of an agent against the principal when the statements are made within the scope of the agent's authority with regard to the subject of the transaction. Furthermore, Ohio law has consistently held that a statement by an agent of a corporate party conceding that a condition should not have existed is not hearsay under the Rules of Evidence." Moebius v. General Motors Corp.,
Montgomery App. No. 19147, 2002-Ohio-3918, at ¶ 17 (citations omitted).
 {¶ 11} The Chateau Club claims that Enix's statement was not an admission, because she had no supervisory role with respect to the maintenance and repair of the restroom stall doors and she was not in a position to make orders concerning maintenance or repair of those doors. We disagree with this analysis.
 {¶ 12} According to Horn's deposition testimony, Enix had been employed by The Chateau Club for approximately six years, and was the Assistant Manager/Bar Manager. Horn indicated that her duties primarily involved cooking. However, Horn further stated that the restrooms were cleaned nightly, either by the cook or the barmaid. Horn testified that on March 14, 2002, it would have been either Enix's or the barmaid's responsibility to clean the restrooms. Thus, Enix's duties included cleaning the restrooms.
 {¶ 13} Given this testimony, we conclude that Enix was speaking concerning a matter within the scope of her employment when she made comments regarding the condition of the restroom. Because Enix was charged (at least part of the time) with cleaning the restrooms, it is reasonable to infer that she was expected to notice the condition of the restrooms and to notify Horn of any problems. The fact that Enix did not have responsibility for fixing or making repairs to the restroom stalls does not alter the fact that she could be expected, as part of her cleaning duties, to notify Horn of needed repairs.
 {¶ 14} Accordingly, the trial court erred in concluding that Enix was not speaking concerning a matter within the scope of her employment when she made the contested statement to Miller. Accord Parker v. BaldwinManor Nursing Home, Inc. (June 21, 1984), Cuyahoga App. No. 47714.
 {¶ 15} The Chateau Club asserts that, even if Enix's statement were admissible, it was still entitled to summary judgment. In order for Miller to establish actionable negligence, she was required to show the existence of a duty, a breach of that duty, and injury resulting proximately therefrom. Mussivand v. David (1989), 45 Ohio St.3d 314, 318,544 N.E.2d 265. The parties do not dispute that Miller was a business invitee. Thus, the Chateau Club owed her a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, in order to insure that she was not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474; Kidder v. The Kroger Co., Montgomery App. No. 20405, 2004-Ohio-4261, at ¶ 7. Although a business is not an insurer of its invitees' safety, it must warn them of latent or concealed dangers if it knows or has reason to know of the hidden dangers. Jackson v. KingsIsland (1979), 58 Ohio St.2d 357, 359, 390 N.E.2d 810.
 {¶ 16} The Chateau Club argues that Enix's statement does not tend to prove that the restaurant had actual or constructive knowledge that the door would fall.[1] The restaurant cites to the follow exchange in Miller's deposition testimony:
 {¶ 17} Q: "When Molly told you, I told him to fix these fucking things or something like that was going to happen, what did you understand her to mean?"
 {¶ 18} A: "I understood her to mean fix things."
 {¶ 19} Q: "Fix things in general?"
 {¶ 20} A: "That's how I took it, yes."
 {¶ 21} Q: "Not necessarily the doors themselves, but things around the bar, correct?"
 {¶ 22} A: "I don't really know how I took it. I guess you could say that."
 {¶ 23} In light of this testimony, The Chateau Club asserts that Enix's statement is ambiguous and cannot raise a genuine issue of material fact as to whether the restaurant had notice of the faulty stall door. Although Miller's deposition testimony indicates that the statement could have referred to the condition of the restaurant in general, a reasonable factfinder, construing the evidence in the light most favorable to Miller, could conclude otherwise. Enix's statement was made in the restroom upon seeing that Miller had been injured by the door coming off of its hinges. Certainly, a reasonable interpretation of her statement is that she had told Horn to fix the restroom stall doors or something like what had happened to Miller would occur. Accordingly, we conclude that Enix's statement raised a genuine issue of material fact as to whether The Chateau Club had actual or constructive notice of the condition of the restroom stall doors, and the trial court erred in granting summary judgment in favor of The Chateau Club. Contrast Smithv. Doane (June 26, 1998), Clark App. No. 98CA12 (finding no actual or constructive notice where the homeowners regularly inspected the manhole cover and never had any reason to believe it was dangerous, and when they and their guests had been walking on the manhole cover without any incident whatsoever for over ten years).
 {¶ 24} The assignment of error is sustained.
 {¶ 25} The judgment of the trial court will be reversed and the action remanded for further proceedings.
Fain, J. and Grady, J., concur.
[1] The Chateau Club also asserts that it did not fail to properly design and/or construct the restroom stall door and, thus, it did not create the hazardous condition. Miller has not contested this assertion on appeal or before the trial court. Accordingly, we will not address it.