JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, Adnane Mohammed Aouad, appeals the judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Bethesda Hospital, Inc., in a medical-malpractice action. The judgment was entered after the trial court had granted Bethesda's motion for a directed verdict in a jury trial. For the following reasons, we affirm the trial court's judgment.
Aouad worked in a warehouse and was injured when a number of boxes fell on him. He went to the emergency room at Bethesda North Hospital, where he complained of severe hip and knee pain. The emergency-room physician ordered an x-ray of the hip, which reflected that there was no fracture.
Aouad was admitted to the hospital, and on the day following his accident, orthopedic surgeon Dr. Robert Hill ordered that Aouad undergo physical therapy. Aouad was able to take a few steps while putting a portion of his weight on the hip. When he continued to complain of pain, Dr. Hill ordered a magnetic resonance imaging (MRI) examination of the hip. The MRI revealed that Aouad had suffered a nondisplaced fracture of the hip. Subsequent x-rays also showed a fracture of the knee.
Aouad sued the hospital, claiming that it had been negligent in ordering physical therapy on the injured hip and knee. At trial, Dr. Hill testified that it was within the accepted standard of medical care to order physical therapy in light of the initial x-ray. He stated that it was important to keep Aouad moving to prevent blood clots and to further assess his condition. Dr. Hill further stated that it was within the standard of care to refrain from ordering an MRI until after physical therapy because only then did the need for further evaluation become apparent. Finally, Dr. Hill stated that the physical therapy did not cause the fracture of the hip and did not otherwise cause or exacerbate Aouad's injuries.
Aouad did not produce any expert witness or other expert evidence to indicate that Bethesda had violated the applicable standard of medical care. Instead, Aouad relied on the argument that it was within the common knowledge of a layperson to determine that Bethesda had been negligent in ordering physical therapy for a patient who was complaining of severe pain. At the close of Aouad's case-in-chief, the trial court granted Bethesda's motion for a directed verdict.
In a single assignment of error, Aouad now argues that the trial court erred in directing a verdict in favor of Bethesda. A directed verdict may be granted only where the trial court, after construing the evidence in a light most strongly in favor of the party opposing the motion, concludes that upon any determinative issue reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party.[1]
To establish medical malpractice, the plaintiff must demonstrate that an injury was caused by the doing of some particular thing that a physician of ordinary skill, care and diligence would not have done under the circumstances or by the failure to do some thing that such a physician would have done under the circumstances, and that the injury complained of was the direct and proximate result of the act or omission.[2]
In general, the plaintiff must demonstrate a breach of the applicable standard of care and proximate causation through expert testimony.[3]
A very limited exception to the rule requiring expert testimony exists where the lack of skill or care of the physician is so apparent that it is within the comprehension of a layperson.[4] This exception has generally been applied only in those cases of "gross inattention during patient care or miscommunication with the patient."[5]
In the case at bar, Aouad claims that it was "common sense" that the hospital had been negligent in ordering a patient who had been complaining of severe pain to undergo physical therapy. We disagree. The decision to order physical therapy involved questions of medical discretion that were beyond the expertise of a layperson. The issues involved in making the decision included the extent of the injuries as reflected in the initial x-ray, the amount of pain expressed by the patient, and the various treatment options for the given injury. The case did not involve gross inattention to a patient, miscommunication, or other matters within the province of a layperson, and Aouad's failure to adduce expert testimony in his favor was fatal to his case.
And not only did Aouad fail to introduce expert testimony to establish that the hospital had violated the applicable standard of care, but the evidence adduced during his case-in-chief in fact supported the opposite conclusion. As Dr. Hill testified, there were valid reasons to order the physical therapy, specifically to prevent blood clots and to more accurately evaluate the injuries. Dr. Hill's testimony further indicated that the timing of the MRI was proper in light of the negative x-ray, and that the physical therapy did not cause or aggravate the injuries. Under these circumstances, the trial court was correct in granting Bethesda's motion for a directed verdict. The assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon, JJ.
[1] Civ.R. 50(A)(4); Wilson v. Horton, 1st Dist. No. C-040193, 2004-Ohio-6841, at ¶ 5.
[2] Bruni v. Tatsumi (1978), 46 Ohio St.2d 127,346 N.E.2d 673, paragraph one of the syllabus.
[3] Id. at 131-132, 346 N.E.2d 673; Hatfield v. Goebel (Sept. 11, 1998), 1st Dist. Nos. C-970819 and C9-70940.
[4] Steinmetz v. Lowry (1984), 17 Ohio App.3d 116, 119,477 N.E.2d 671.
[5] See Lipp v. Kwyer, 6th Dist. No. L-02-1150, 2003-Ohio-3988, at ¶ 14, citing, inter alia, Jones v. HawkesHosp. of Mt. Carmel (1964), 175 Ohio St. 503, 196 N.E.2d 592
(delirious pregnant patient who had repeatedly attempted to climb out of bed left unattended); Schraffenberger v. Persinger, Malik Haaf, M.D.s. Inc. (1996), 114 Ohio App.3d 263, 683 N.E.2d 60
(patient erroneously informed he was sterile following vasectomy).