OPINION
{¶ 1} John and Michelle Fairand, plaintiffs-appellants, appeal from a judgment of the Franklin County Court of Common Pleas, in which the court denied appellants' motion for summary judgment and granted the motion for summary judgment filed by Urology Surgeons, Inc., and Wayne L. Poll, M.D., defendants-appellees.
 {¶ 2} On February 14, 2002, John Fairand ("Fairand"), Michelle Fairand's husband, consulted with Dr. Poll about undergoing a vasectomy. A vasectomy involves the severing of a male's vas deferens so as to preclude the transit of sperm from the testicles. A registered nurse spoke with Fairand and provided him with two sources of written information, an in-office information sheet and a commercial pamphlet, explaining that, after undergoing a vasectomy, there remains a risk that fertility may return as a result of recannulization, in which the severed vas deferens reattaches. It is also undisputed that Dr. Poll advised Fairand, verbally, and in writing, of the potential complications of a vasectomy, including the rare circumstance of recannulization. Fairand also executed a consent for vasectomy form on the day of his surgery, which indicated that it had been explained to him that, even after a properly performed vasectomy, sperm may reappear in the semen, even years later, and result in pregnancy. The form also indicated that Fairand agreed to accept this "remote possibility" and understood that a vasectomy is not "absolutely perfect." Dr. Poll performed the vasectomy on Fairand on March 15, 2002.
 {¶ 3} Dr. Poll's office had a written policy indicating that, after two consecutive semen analyses showing no sperm in the semen, the patient would be advised that he is "sterile" and that he can discontinue the use of birth control. Fairand presented semen samples to Dr. Poll on April 4, 2002, May 6, 2002, and May 20, 2002. The April 4 sample tested positive for sperm, but the May 6 and May 20 samples tested negative for sperm. Fairand averred that a secretaryor appellees, Deborah Fitzgerald, informed him via a voicemail message that he was "sterile" and could discontinue using birth control. Fitzgerald averred she never used the word "sterile." Fairand learned his wife was pregnant on September 5, 2002. Another semen sample on September 12, 2002 tested positive for sperm. Michelle Fairand delivered a healthy daughter in February 2003, and genetic testing has shown that Fairand is her biological father.
 {¶ 4} On July 10, 2003, appellants filed an action against appellees, alleging two claims for medical malpractice and one claim for negligent communication. On January 6, 2004, appellees filed a motion for summary judgment. On March 15, 2005, appellants filed a motion for summary judgment. On September 6, 2005, the trial court issued a decision granting appellees' motion for summary judgment and denying appellants' motion for summary judgment. With regard to the two medical malpractice claims, the trial court found there was no genuine issue of material fact as to whether the proper standard of care was met, as appellants presented no expert testimony on the issue, and appellees presented an affidavit from Dr. Poll indicating he met the requisite standard of care. Appellants do not contest the trial court's finding in this respect in the present appeal. The trial court also found that, absent expert testimony, appellants' claim for negligent communication must fail. The court rejected appellants' reliance upon Schraffenberger v. Persinger (1996),114 Ohio App.3d 263, in which the First District Court of Appeals found no expert testimony was necessary to support a negligent communication claim. The trial court held that appellants could not repackage a medical malpractice claim as one for negligent communication to avoid the requirement for expert testimony. A judgment entry journalizing the decision was filed on September 26, 2005. Appellants appeal the judgment of the trial court, asserting the following assignment of error:
THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT WHEN IT DETERMINED THAT EXPERT TESTIMONY WAS NECESSARY IN NEGLIGENCE CLAIMS WHEN THE SUBJECT OF THE INQUIRY IS WITHIN THE COMMON, ORDINARY, AND GENERAL EXPERIENCE AND KNOWLEDGE OF APPELLANTS.
 {¶ 5} Appellants assert in their sole assignment of error that the trial court erred when it granted summary judgment to appellees. We first note that the present case was placed on the accelerated calendar, pursuant to App.R. 11.1(A) and Loc.R. 5 of the Tenth District Court of Appeals. App.R. 11.1(C) provides that an appellant shall serve and file a brief within 15 days after the date on which the record is filed. In the present case, the notice of filing of record was filed on October 20, 2005; thus, appellants' brief was to be filed by November 4, 2005. Appellees urge dismissal because appellants did not file their brief until November 8, 2005. App.R. 18(C) and Loc.R. 9(D) of the Tenth District Court of Appeals provide that an appeal may be dismissed if an appellant fails to file a timely brief. Although this court has the authority under App.R. 18(C) and Loc.R. 9(D) of the Tenth District Court of Appeals to dismiss the appeal for failure to file a timely brief, in the interests of justice, we will address appellants' assignment of error.
 {¶ 6} The trial court herein granted appellees' motion for summary judgment. When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate. Franks v. The Lima News (1996),109 Ohio App.3d 408. Civ.R. 56(C) provides that, before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks,
supra.
 {¶ 7} A negligence claim requires proof of the following elements: duty, breach of duty, causation, and damage. Andersonv. St. Francis-St. George Hosp., Inc. (1996), 77 Ohio St.3d 82,84. Usually, in a medical malpractice action, expert testimony is essential to prove negligence and causation. See Bruni v.Tatsumi (1976), 46 Ohio St.2d 127. In the absence of an opposing affidavit of a qualified expert for the plaintiff, a defendant physician's affidavit attesting to his compliance with the applicable standard of care presents a legally sufficient basis upon which a court may enter summary judgment in a medical malpractice action. Cunningham v. Children's Hosp., Franklin App. No. 05AP-69, 2005-Ohio-4284, at ¶ 12, citing Marcum v.Holzer Clinic, Inc., Gallia App. No. 03CA25, 2004-Ohio-4124, at ¶ 19. However, the Ohio Supreme Court has recognized an exception to the general rule requiring expert testimony "where the nature of the case is such that the lack of skill or care of the physician and surgeon is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it[.]" Bruni, at 130.
 {¶ 8} Appellants rely upon Schraffenberger for the proposition that no expert testimony is needed to support a claim for negligent communication. Schraffenberger involved facts very similar to those in the present case. In Schraffenberger,
the plaintiff underwent a vasectomy and signed a consent form indicating he understood sterility could not be guaranteed. After two semen samples showed no sperm present, the physician's office informed the plaintiff over the phone that he was sterile. After the plaintiff's wife became pregnant, a subsequent semen sample revealed sperm were present. The plaintiff brought a claim against the physician for negligent communication. Although the trial court granted summary judgment to the physician on the negligent communication claim because the plaintiff failed to present expert testimony, the court of appeals reversed, finding that whether a reasonable person would have engaged in unprotected sexual relations after being informed over the telephone by a member of the doctor's staff that he was sterile was a question within the comprehension of laymen requiring only common knowledge and experience to resolve. Therefore, the appellate court in Schraffenberger found no expert testimony was required.
 {¶ 9} The First Appellate District in Schraffenberger
relied upon the similarity of its case to an informed consent case from their district, Valerius v. Freeman (Oct. 19, 1994), Hamilton App. No. C-930658, and found that expert testimony was not required. However, this court has found that expert testimony is required in informed consent cases. See, e.g., Ullmann v.Duffus, Franklin App. No. 05AP-299, 2005-Ohio-6060, at ¶ 28 (in a lack of informed consent action, expert testimony would be required to establish what the claimed undisclosed material risks and dangers are, and, if disputed, whether those particular undisclosed risks did, in fact, materialize and cause the patient's injuries, which are issues beyond the knowledge of the layperson); Fernandez v. Ohio State Pain Control Ctr., Franklin App. No. 03AP-1018, 2004-Ohio-6713, at ¶ 14-15. The present case is not similar to an informed consent case. An informed consent case is based upon undisclosed risks which occur and cause injury. The present case is based upon a communication from a staff member of the doctor's office after a successful surgery. The purpose of the communication was not to give medical advice but to advise of the fact that there had been two negative tests and, therefore, at that time, he was sterile. The purpose of the communication was to advise of test results.
 {¶ 10} Notwithstanding, in finding no expert testimony was necessary, the court in Schraffenberger framed the "issue" before it narrowly, stating: "The issue, here, is whether a reasonable person would have engaged in unprotected sexual relations after being informed over the telephone by a member of the doctor's staff that he was sterile, given the information received from the informed consent form and the recording." Id. at 266. Although other issues exist in the present case, the narrow issue as framed by the court in Schraffenberger is before us here and provides a basis for finding appellees were entitled to summary judgment.
 {¶ 11} Fairand concedes he was told by his doctor that recannulization could occur and that he signed a form indicating he understood and accepted this risk. Additionally, in accordance with written office policy, after two consecutive negative semen analyses Fairand was informed that he was sterile. Fairand does not dispute the results of the second and third semen analyses. Thus, the communication to him by the member of the doctor's staff was accurate at that point in time. Further, the doctor's employee did not inform Fairand that he was permanently
sterile. A representation that he was permanently sterile would have been a negligent communication. Accordingly, whether a reasonable person would have engaged in unprotected sexual relations after being informed over the telephone by a member of the doctor's staff that he was sterile, given the information he received regarding the risks, is within the comprehension of laymen. This determination, on these particular facts, can be made without an expert.
 {¶ 12} In this particular case, as the record stands, summary judgment was proper. Even assuming the receptionist told Fairand he was "sterile," there is no genuine issue of material fact that Fairand was fully aware of the risk of recannulization. Fairand admits so much, and the evidence is undisputed that he understood such risk existed. In light of the information received both orally and in writing advising him of the risks and his consent, Fairand cannot demonstrate that a reasonable person would have believed a guarantee was available that he would never be able to father additional children. The receptionist's use of the word "sterile" did not negate Fairand's admitted knowledge that a risk of recannulization existed. Appellees duty to communicate the risk of recannulization to Fairand had been fulfilled (Dr. Poll submitted an affidavit indicating this). The proximate cause of the pregnancy of Fairand's wife was not the result of any breach of appellees' duty but, rather, the occurrence of the risk of which he was informed. Thus, as there is no genuine issue of material fact on this issue, as the record stands, appellants' claim for negligent communication must fail. Although for somewhat different reasons than the trial court, we find appellees are entitled to summary judgment. Therefore, appellants' assignment of error is overruled.
 {¶ 13} Accordingly, appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt, P.J., and McGrath, J., concur.