DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of a judgment of the Erie County Court of Common Pleas which granted appellee Firelands Community Hospital's motion for summary judgment, dismissed the hospital's indemnity claim against appellee R F, *Page 2 
Inc. and denied appellant[1] Camille Krafty's motion for summary judgment. For the reasons that follow, we reverse.
 {¶ 2} The competing motions for summary judgment concerned themselves with appellant's negligence claim arising out of an injury sustained while she was participating in physical therapy provided by appellee R F on the hospital's premises. Appellant was injured when a piece of equipment she was using called a "wobble board," slipped out from under her feet.
 {¶ 3} The hospital was the only defendant named in appellant's complaint. In the complaint, appellant alleged that the hospital, its employees and agents were "* * * negligent in providing a wobble board without protective material upon its bottom surface or otherwise providing a method to prevent the board from slipping when used by patients such as [appellant]."
 {¶ 4} The hospital filed a complaint for indemnity/contribution against R F in the event that the hospital was found liable in the underlying case appellant had filed against the hospital. Subsequently, the indemnity/contribution case was consolidated with the underlying case.
 {¶ 5} In a March 27, 2007 opinion and judgment entry on the summary judgment issues presented, the trial court found that appellant had failed to present requisite expert testimony to establish negligence by the hospital. The trial court further noted that the *Page 3 
hospital lacked any notice or knowledge of any problems with the physical therapy equipment at issue. Therefore, summary judgment was entered for the hospital and against appellant on the issue of liability. Further, the trial court found appellee R F's motion for summary judgment moot because the hospital's indemnity claim against R F was dismissed.
 {¶ 6} In her single assignment of error, appellant asserts:
 {¶ 7} "THE TRIAL COURT ERRED IN ITS DECISION THAT PLAINTIFF NEEDED A PHYSICAL THERAPIST TO TESTIFY ON AN ISSUE WITHIN THE AVERAGE GENERAL KNOWLEDGE OF A JUROR."
 {¶ 8} Appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the *Page 4 
nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 9} Appellant argues that the trial court erred in finding that expert testimony was required to establish a standard of care for use of the wobble board in the present case. Appellant claims that the issue of appellees' duty of care falls within the "common knowledge" exception. That is, the allegedly injurious conduct of the physical therapy aides in directing appellant to use the wobble board on a linoleum floor was clearly within the common knowledge and experience of jurors. In response, the hospital and R F contend that the cases that have applied the common knowledge exception are distinguishable. The hospital further argues that to the extent that appellant is asserting premises liability, it had no actual or constructive knowledge of any allegedly hazardous condition, and therefore, summary judgment in its favor was proper.
 {¶ 10} Initially we note that appellant's complaint appears to assert a medical malpractice claim only. The only instance when premises liability was peripherally raised by appellant was in her trial court memorandum in support of her motion for partial summary judgment where she described herself as a "business invitee" to whom the hospital owed "a duty to exercise reasonable care to protect her from an unreasonable risk of harm."[2] Appellant never again, in either her trial court reply brief or her appellate *Page 5 
briefs, puts forth the unpled premises liability theory at all. Therefore, despite the trial court's conclusion that the hospital lacked any notice or knowledge of problems with the physical therapy equipment, we find any premises liability arguments moot and do not address them. Appellant's claim as pled is for medical malpractice.
 {¶ 11} We have noted for a medical malpractice claim, whether the physician or surgeon has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of experts. Lipp v. Kwyer, 6th Dist. No. L-02-1150, 2003-Ohio-3988, ¶ 12 citing Bruni v. Tatsumi (1976), 46 Ohio St.2d 127,130. However, expert testimony is not necessary to establish a standard of care in all medical malpractice cases. LaCourse v. FlowerHospital, 6th Dist. No. L-02-1004, 2002-Ohio-3816, ¶ 15. The "common knowledge" exception provides that, "`* * * matters of common knowledge and experience, subjects which are within the ordinary, common and general knowledge and experience of mankind, need not be established by expert testimony.'" Id. quoting Ramage v. Central Ohio Emergency Serv.,Inc. (1992), 64 Ohio St.3d 97, 103 (citations omitted).
 {¶ 12} In Lipp, we characterized the cases in which the exception was applied as cases "* * * with instances of gross inattention during patient care or miscommunication with the patient." Lipp, ¶ 14. Further we summarized the facts of several cases in which the common knowledge exception applied as follows:
 {¶ 13} "Jones v. Hawkes Hosp. of Mount Carmel (1964), 175 Ohio St. 503
(delirious pregnant woman attempting to climb out of bed several times left unattended *Page 6 
by nurse); Dimora v. Cleveland Clinic Found. (1996),114 Ohio App.3d 711, 718 (patient left unattended in a walker while student nurse opened a door); Burks v. Christ Hosp. (1969), 19 Ohio St.2d 128, 131 (sedated obese person falling from hospital bed); Hill v. Rambasek (December 20, 1979), Cuyahoga App. No. 39845 (partially restrained patient sitting up during eye surgery); Avondet v. Blankstein (1997), 118 Ohio App.3d 357,366 (doctor failed to inform patient that she needed to use alternative birth control month after receiving implant); Schraffenberger v.Persinger, Malik Haaf, M.D.s, Inc. (1996), 114 Ohio App.3d 263, 267
(patient erroneously informed he was sterile following vasectomy)." Id.
 {¶ 14} In Lipp, the alleged medical malpractice arose out of a surgical procedure known as a cervical mass resection. Arguing for the application of the common knowledge exception, the appellant asserted that because a lump was readily visible and palpable on his neck after an initial surgery by the appellee doctor, an expert witness was not needed to establish his claim. We disagreed. We found that there were several related questions for which expert medical testimony was required: whether the lymph node removed by a subsequent surgeon was the original mass or whether the appellee doctor should have discovered a lymph node while removing the other masses; whether it was necessary to prick the spot with a needle mark; whether the lump remaining after the initial surgery was the original lump or whether it was the result of swelling from the surgery. *Page 7 
 {¶ 15} In contrast, in LaCourse, we found the common knowledge exception applied to the conduct of an occupational therapist that left a 70 year old, 270 pound patient who was paralyzed on her left side, standing at a bathroom sink with a walker. The patient fell and was injured. Citing Dimora, Jones, and Burks, we concluded that the events at issue were within the common knowledge of the ordinary person and did not require expert testimony to establish any specific duty or standard of care. Id., ¶ 17.
 {¶ 16} We find that the present case is comparable toLaCourse. Similar to LaCourse, the case involves the standard of care of a therapist utilizing common equipment. It does not involve a highly technical surgical procedure as in Lipp. The therapist using the board on a linoleum floor is an event within the common knowledge of the ordinary person and does not require expert testimony. Appellant's assignment of error is well-taken.
 {¶ 17} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Erie County Court of Common Pleas is reversed and the case is remanded to the trial court for further proceedings. Appellees are ordered to split the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT REVERSED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR.
[1] Camille Krafty's spouse filed a loss of consortium claim. For clarity sake, we shall refer to appellant in the singular.
[2] Appellant thereafter cites Jackson v. Kings Island (1979),58 Ohio St.2d 357, a premise liability case. *Page 1