[Cite as *Kirk v. Ohio State Univ. Med. Ctr.*, 2011-Ohio-370.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARY LEE KIRK

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2009-07881

Judge Joseph T. Clark

DECISION

{¶ 1} On November 23, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(C). On December 10, 2010, plaintiff filed a response. On December 29, 2010, the court held an oral hearing on the motion.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

**{¶ 4}** This case arises out of a September 26, 2008 surgical procedure that was performed by Vimal Narula, M.D., during which he replaced a biliary stent that had been surgically implanted in plaintiff in 2007. Plaintiff alleges that as a result of a miscommunication between Dr. Narula and plaintiff's treating physician, Elizabeth Davies, M.D., Dr. Narula performed the "wrong surgery" by replacing, rather than removing, the stent as Dr. Davies had ordered. According to plaintiff, Dr. Narula's negligence caused her to undergo a subsequent "unnecessary" surgery. Plaintiff argues that her claims do not require expert testimony inasmuch as defendant's negligence constitutes conduct within the common experience and knowledge of laypersons.[1] The court disagrees.

**{¶ 5}** "[P]roof of the recognized standards [of the medical community] must necessarily be provided through expert testimony." *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 131-132. Furthermore, the issue of "whether the [defendant] has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of medical experts." Id. at 130. That expert testimony must explain what a medical professional of ordinary skill, care, and diligence in the same medical specialty would do in similar circumstances. Id.

**{¶ 6}** The Tenth District Court of Appeals has observed that "relatively few courts in Ohio have found the common knowledge exception applicable so as to obviate the need for expert witness testimony on the malpractice issue." *Buerger v. Ohio Dept. of Rehab. & Corr.* (1989), 64 Ohio App.3d 394, 399. "The common knowledge exception has a limited scope in a world of increasing medical complexity." *Cunningham v. Children's Hosp.*, Franklin App. No. 05AP-69, 2005-Ohio-4284, at ¶20, citing *Buerger* at 399. However, the common knowledge exception has been applied where the alleged negligence results from miscommunication between a doctor and patient. Id. at ¶21 citing *Schraffenberger v. Persinger, Malik & Haaf, M.D.s, Inc.* (1996),

---

[1] On December 18, 2009, the court issued an entry denying defendant's motion to dismiss wherein the court determined that plaintiff has asserted a "medical claim" as that term is defined in R.C. 2305.113(E). Plaintiff subsequently filed an affidavit of merit pursuant to Civ.R. 10(D)(2).

114 Ohio App.3d 263, 267 (applying the exception where a patient alleged that his doctor negligently informed him that he was sterile following a vasectomy).

{¶ 7} The negligence alleged by plaintiff does not involve merely a miscommunication between plaintiff and Dr. Narula. Rather, plaintiff's claim involves the subsequent surgical procedure and Dr. Narula's decision to replace the biliary stent, a determination that necessarily required the exercise of professional skill and judgment. In his deposition, Dr. Narula testified that he did not believe either that a mistake had been made or that the wrong procedure had been performed during the September 26, 2008 surgery. (Dr. Narula Deposition, Page 34.) Dr. Narula also testified that he decided to replace the stent "because of sludge." (Dr. Narula Deposition, Page 31.)

{¶ 8} Even if the court were to accept plaintiff's argument that the alleged negligence involved a miscommunication between Drs. Narula and Davies and that non-professionals could reasonably evaluate such a communication, the standard of care required of a surgeon deciding whether to replace a partially obstructed stent is clearly not within the comprehension of laypersons. Accordingly, the court finds that plaintiff was required to present expert testimony regarding the applicable standard of care, Dr. Narula's failure to conform to that standard, and proximate causation.

{¶ 9} The deposition of Dr. Narula states that at all times during his care and treatment of plaintiff he acted within the applicable standard of care. Plaintiff has failed to provide any evidence in support of her assertion that the replacement of the biliary stent violated acceptable standards of care. Furthermore, plaintiff has not provided defendant with an expert report pursuant to L.C.C.R. 7(E), which provides in relevant part:

{¶ 10} "Each trial attorney shall exchange with all other trial attorneys, in advance of the trial, written reports of medical and expert witnesses expected to testify. The parties shall submit expert reports in accordance with the schedule established by the court.

{¶ 11} "A party may not call an expert witness to testify unless a written report has been procured from said witness. * * * The report of an expert must reflect his opinions as to each issue on which the expert will testify."

{¶ 12} Civ.R. 56(E) provides, in part:

{¶ 13} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 14} "In the absence of an opposing affidavit of a qualified expert for the plaintiff, a defendant-physician's affidavit attesting to his compliance with the applicable standard of care presents a legally sufficient basis upon which a court may enter summary judgment in a medical malpractice action."  *Ullmann v. Duffus*, Franklin App. No. 05AP-299 , 2005-Ohio-6060, ¶15 citing *Cunningham*, supra at ¶12; *Marcum v. Holzer Clinic, Inc.*, Gallia App. No. 03CA25, 2004-Ohio-4124, ¶19.

{¶ 15} Based upon Dr. Narula's undisputed testimony, and in consideration of plaintiff's failure to provide the court with any evidence showing that a genuine issue of fact exists for trial, the court finds that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARY LEE KIRK

Plaintiff

v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

Defendant
  Case No. 2009-07881

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>


      An oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


                    _____

                    JOSEPH T. CLARK
                    Judge

cc:

Brian M. Kneafsey, Jr.          Justin F. Madden
Assistant Attorney General      Thomas C. Merriman
150 East Gay Street, 18th Floor   1360 West Ninth Street, Suite 200
Columbus, Ohio 43215-3130     Cleveland, Ohio 44113-1254

AMR/cmd
Filed January 13, 2011
To S.C. reporter January 27, 2011